IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3144 |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL KEVIN WESTERFIELD, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Paul Kevin Westerfield (Westerfield) has filed a motion under 28 U.S.C. § 2255 challenging his conviction and sentence for his participation in a drug conspiracy involving 50 grams or more of crack cocaine. (Filing 39.) He makes 4 claims. After initial review, I find that none of those claims have merit.[1] *See*, *e.g.*, *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal citations omitted). Accordingly,

---

[1]When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

I will dismiss the § 2255 motion with prejudice and enter judgment. My reasons for doing so are briefly set forth below.

## *I. BACKGROUND*

The government's case against Westerfield was open and shut. The government had four cooperating witnesses who implicated Westerfield, it had four controlled deliveries in which Westerfield or someone acting for him delivered crack to an informant and it had the fruits of a search warrant resulting in the police finding "buy" money on Westerfield's person plus individually packaged bags of crack in his apartment. (Presentence Report (PSR) (filing 36) at PSR ¶¶ 16-24.)  So, it is not surprising that his devoted and very experienced criminal defense lawyer, Michael D. Gooch,[2] worked out a plea agreement with the government in which the government agreed to consider whether Westerfield's cooperation might warrant a departure or sentence reduction motion.[3] (Filing 18 at CM/ECF pp. 2-4 & ¶¶ 3-6.) The parties also agreed that Westerfield was, beyond a reasonable doubt, responsible for at least 150 grams but less than 500 grams of crack, that no upward or downward adjustment was warranted for role in the offense, that Westerfield did not qualify for the "safety-valve" and that the government agreed that Westerfield should be sentenced at the low-end of the applicable Guidelines range. (*Id.* at CM/ECF pp. 4-5 & ¶ 9.)

On March 26, 2008, I held a Rule 11 hearing and accepted Westerfield's plea of guilty to the conspiracy charge and a related forfeiture of drug money. (Filings 16 (Minutes) and 20 (Digital Audio File).)  Prior to the Rule 11 hearing, Westerfield and his counsel completed a detailed "Petition to Enter Plea of Guilty" and that petition, together with the plea agreement, was submitted to me when I decided whether to

---

[2] Gooch was appointed by the court. (Filing 8.)

[3] To date, no such motion has been filed.

accept the plea. (Filings 17 (Petition) & 18 (Plea Agreement).) I deferred acceptance of the plea agreement until sentencing. The matter then proceeded to sentencing.

A probation officer prepared a detailed presentence report. (Filing 36 (PSR).) Among other things, it revealed that: (1) Westerfield was 45 years old (PSR under "Identifying Data" at p. 2.); (2) Westerfield was responsible for 240.76 grams of crack and his base offense level was therefore 32[4] (PSR ¶ 36); (3) Westerfield was entitled to a 3-level reduction for acceptance of responsibility and his total offense level was 29 (PSR ¶¶ 43-44); (4) Westerfield had a very long criminal record and he scored an astounding 26 criminal history points (21 points counted) resulting in a criminal history category of VI (PSR ¶¶ 45-84); (5) Westerfield's custodial range under the advisory Guidelines was 151 to 188 months in prison (PSR ¶ 110); (6) Westerfield had a heart condition and had been diagnosed with congestive heart failure, hypertension, and sleep apnea (PSR¶¶ 93-94); (7) Westerfield had a depressingly long history of drug abuse (PSR ¶¶ 96-97); and (8) the probation officer "has not identified any factors under 18 U.S.C. § 3553(a) that may warrant a variance and imposition of a non-guideline sentence." (PSR ¶ 125.)

There were no objections to the presentence report. At sentencing, Gooch advised me that he had acquired the medical records regarding Westerfield and I ordered the probation officer to provide those medical records to the Bureau of Prisons. (Filing 33 (Digital Audio File) at 11:32 and following.) I also offered to delay sentencing so that the Bureau of Prisons could do an evaluation of Westerfield regarding his medical condition. Gooch consulted with Westerfield and then Gooch told me, in Westerfield presence, that Westerfield desired to proceed to sentencing without such an evaluation. (*Id.* at 14:00 and following.) Westerfield did not contradict Gooch.

---

[4]Westerfield got the benefit of Amendment 706 (November 1, 2007) that reduced the base offense levels for certain crack cases.

On July 11, 2008, and after accepting the plea agreement, participating in a lengthy colloquy with the lawyers about the proper sentence and hearing the statements of the defendant (filing 33), I sentenced Westerfield to 151 months in prison plus 5 years supervised release and I forfeited $565.00 to the government. (Filings 31 (Minutes), 32 (Final Order of Forfeiture) and 37 (Judgment).) In addition, I recommended to the Bureau of Prisons that Westerfield be evaluated at a federal medical facility regarding his heart condition and hypertension so that he could be properly treated while in prison. (Filing 37 at CM/ECF p. 2.)

Westerfield did not appeal. On December 15, 2008, he filed the pending 2255 motion. (Filing 39.)

## II. ANALYSIS

Westerfield asserts four claims. Three of them attack his counsel and the other asserts that the plea agreement was breached by the government because the government failed to file a departure motion or a sentence reduction motion under Rule 35(b). None of these claims have merit.

*Ineffective Assistance of Counsel Claims*

In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel, Westerfield must establish two things. Those things are (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[5] *and* (2) that "'there is a reasonable probability that, but for counsel's unprofessional

---

[5] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997).

errors, the result of the proceeding would have been different.'"[6] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

Regarding Westerfield's claim that Gooch was ineffective because Gooch failed to move under U.S.S.G. § 5K2.0 or 18 U.S.C. § 3553(a) for a sentence less than that provided by the low-end of the advisory Guidelines (filing 39 at CM/ECF p. 4), that claim is plainly rebutted by the record. Among other things, Westerfield argues that he was a minor drug dealer, who merely sold drugs to support his habit and that his health was bad. Thus, Westerfield argues that Gooch should have pitched the defendant's personal characteristics in order to get a below-Guidelines sentence. He also argues that Gooch should have taken me up on my offer to send Westerfield for an evaluation prior to sentencing.

In point of fact, I was aware of and commented upon each of the matters that Westerfield faults Gooch for not raising when I sentenced the defendant. (Filing 33.) Although Gooch mentioned the talking points Westerfield now keys upon, Gooch knew better than to make weak arguments for a non-Guidelines sentence. Instead, Gooch concentrated in trying to get Westerfield the best sentence he could given the stark reality presented by Westerfield's history of criminality and drug abuse. Indeed, at sentencing, I stated that I could write an opinion upwardly departing and sentencing Westerfield to life in prison that would probably be upheld by the Court of Appeals given the defendant's horrible criminal record and long-term inability to stop using and selling drugs. (Filing 33 at 7:28 and following.) Westerfield received a low-end sentence under the advisory Guidelines due to Gooch's experienced advocacy, and that was an excellent result under the circumstances.

---

[6] A "reasonable probability" must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Still further, Gooch cannot be criticized for not accepting my offer of an medical evaluation inasmuch as Westerfield was consulted in my presence and he told Gooch to proceed with sentencing without such an evaluation. (*Id.* at 14:00 and following.) In addition, it is evident that Gooch was fully familiar with Westerfield's condition because he provided the court with the relevant medical records. Finally, Westerfield has attached an evaluation from the Federal Medical Center at Springfield, Missouri that was completed after he arrived in prison (filing 40 at CM/ECF pp. 14-18) and nothing in that evaluation suggests that it would have made a difference at sentencing.

Regarding Westerfield's claim that Gooch was ineffective for allowing him to plead guilty because there was no compelling evidence that two or more people conspired and thus Westerfield could not have been guilty of conspiracy (filing 39 at CM/ECF p. 4), that claim is frivolous. Westerfield admitted in writing that "he agreed with other people to distribute crack" (filing 17 at CM/ECF p. 14), he repeated that same statement while under oath when I took his plea and he further admitted that this agreement was reached in Nebraska at or about the time alleged in the indictment. (Filing 20 at 26:10 and following.) Still further, the uncontested facts adduced during the preparation of the presentence report clearly proved that a conspiracy existed and Westerfield was a part of it. (PSR ¶¶ 16-24.)

Regarding Westerfield's claim that Gooch "forced" him to plead guilty by suggesting that he would be convicted and sentenced to life in prison if he went to trial (filing 39 at CM/ECF p. 5),[7] the assertion that Gooch coerced the defendant is flatly disproved by the record (and common sense). For example, Westerfield wrote in his Petition to Enter a Plea of Guilty that his plea and the waivers of his rights were

---

[7]It is, of course, true that Westerfield faced the potential of a life sentence. Gooch would have been remiss if he failed to stress that point when counseling Westerfield. My comments at sentencing regarding the hypothetical propriety of a life sentence confirms that point.

-6-

"made voluntarily and completely of [his] own choice, free of any force or threat from anyone[.]" (Filing 17 at CM/ECF p. 12.) He also wrote that he was *not* pleading guilty for any reason other than the fact that he was guilty. (*Id.* at CM/ECF p. 14.) He reaffirmed the voluntariness of his plea when I questioned him during the Rule 11 proceeding. For example, he stated that no one had threatened him in any way. (Filing 20 at 10:21 and following.) Given the absence of specific contrary evidence, Westerfield's own statements doom his coercion claim. *See*, *e.g.*, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005) (affirming denial of 2255 motion without an evidentiary hearing and citing *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73 (1977), for the proposition that "the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings'")).

In summary, Westerfield has wholly failed to present any concrete information that would allow a reasonable person to conclude that Gooch was ineffective. Moreover, Westerfield has failed to provide any evidence that he was prejudiced even if one makes the unjustified assumption that Gooch engaged in malpractice.

*Breach of Plea Agreement*

Westerfield asserts that the plea agreement was breached by the government's failure to file a downward departure or Rule 35(b) motion. (Filing 39 at CM/ECF p. 4.) For two reasons, this claim has no merit.

Regarding the question of a departure motion for cooperation prior to sentencing (as contrasted with a Rule 35(b) post-judgment motion), Westerfield did not raise that question when he was sentenced or in a direct appeal and he could have done so. "To the fullest extent possible, all arguments, even constitutional or jurisdictional ones . . . , should be made at trial and on direct appeal" and "a point not

properly preserved at trial or on direct appeal cannot be reached in a § 2255 proceeding unless the petitioner can show both cause for the point's not having been previously raised and prejudice from the claimed legal error." *United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995) (affirming denial of 2255 motion attacking a sentence for being predicated on the wrong type of methamphetamine because that issue had not been raised in a direct appeal). Since Westerfield did not raise the lack of a departure motion when he appeared before me for sentencing and since he did not raise that matter in a direct appeal, he has procedurally defaulted that claim inasmuch as he shown no cause for the default or prejudice from the claimed legal error.

Moreover, even if it would be proper to address the merits, Westerfield's claim that the government breached the plea agreement by failing to file a departure motion or a Rule 35(b) motion[8] must be denied. A defendant must make a substantial threshold showing that the government's refusal to make the motion was premised on an improper motive and the mere claim that a defendant provided substantial assistance or that the prosecutor's motive was impure will not entitle a defendant to a remedy, discovery or an evidentiary hearing. *See*, *e.g.*, *United States v. Perez*, 526 F.3d 1135, 1138 (8th Cir. 2008) (affirming denial of motion to compel the government to file a departure motion). Westerfield has not made the required showing.

IT IS ORDERED that the § 2255 motion (filing 39) is denied with prejudice. A separate judgment will be issued.

December 23, 2008.　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　*s/Richard G. Kopf*
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[8]Regarding the failure to file a Rule 35(b) motion, I question whether a § 2255 motion, as compared with a motion to compel, is the proper remedy. Because Westerfield is not entitled to relief on the merits, I need not resolve that question.